J. B. LISLE, ET. AL. *v.* MARY LISLE'S ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—895.]

**Enforcement of Promise of Gratuity.**

An expressed intention to give land to one can not be enforced and where such a donor changes her mind and conveys only half of the land there is no legal power to increase such donation.

**Confirmation of Judicial Sale of Land.**

An order confirming a sale of land is conclusive and not subject to be set aside after the expiration of the term unless fraud or mistake be alleged and proved.

APPEAL FROM CLARK CIRCUIT COURT.

April 24, 1883.

Opinion by Judge Hargis:

Mary Lisle bought a note from McCord to whom her son, J. B. Lisle, had executed it for one-fifth interest in four hundred seventy-one acres of land. Thereafter J. B. Lisle became a bankrupt and his assignee by suit caused the deed which he had made to his wife for the land to be set aside and the land sold for the benefit of his creditors.

At the sale J. B. Lisle was the ostensible, but his mother, Mary Lisle, was the real purchaser of the land at $3,000, all of which she paid except $360 that was paid by and for J. B. Lisle and wife. J. B. Lisle was acting as his mother's agent at the sale and purchased the land for her. However, he signed the obligation to the commissioner for the purchase-money first, and procured his mother's name to be signed to it second.

The commissioner reported the sale as made to J. B. Lisle, but says in his deposition that his recollection is that the land was bought for Mrs. Mary Lisle, and he reported it to J. B. Lisle because of the manner the obligation for the purchase-money was signed. The report of sale was confirmed, and without any order directing a deed to be made the case was filed away. At the next term Mrs. Mary Lisle appeared and on her petition the case was redocketed and after preparation and hearing the circuit court adjudged her to have been the real purchaser for herself and J. B. Lisle's wife, and directed a conveyance to be made to the heirs of Mrs. Mary Lisle and J. B. Lisle's wife for half interest each in the land, Mrs. Mary Lisle having died pending the litigation.

J. B. Lisle has appealed, and contends that $1,263.50, which was due his mother on the lien note assigned to her by McCord, was a gift to him and credited on the sale bond executed to the commissioner as stated, in execution of the gift. The proof overturns this claim and destroys it altogether. As to the remainder of the $3,000 he denies that she paid it or any part of it, and avers that he paid it himself, but he does not deny that he received the benefit of her money paid by Clabe Lisle for her to the commissioner. In a subsequent pleading he admits that he owes her $500, which he does not himself consider an advancement.

So far as the claim of gift or advancement is made by him, the decided weight of the testimony is to the effect that his mother, sympathizing with his condition, expressed an intention to give the

land to J. B. Lisle's wife and children, and as she has seen proper to limit her bounty to half of the land there is no legal power to increase it without her consent.

We think counsel correct in the position that the order confirming the sale is conclusive, and not subject to be set aside after the expiration of the term unless fraud or mistake or some ground for vacating it, provided for by Civ. Code 1876, Title 12, be alleged and proved.

The judgment does not set aside the order and it was not necessary to do so, as we supposed in the original opinion, in order to decree the conveyance to Mrs. Lisle. The allegations of her petition do not charge fraud or mistake in making the order confirming the sale, but that the appellant, J. B. Lisle, bought the land for her, and agreed to have the deed made to her, which he failed to do, although she paid the consideration for it as stated above. Had J. B. Lisle succeeded in having a deed made to himself before the case went off the docket, a trust would have resulted to her and she would have been entitled to half the land, as she never consented that J. B. Lisle should have the deed made to himself.

Having interposed before the deed was made, alleging and proving a trust, we see no reason why her strong equity should not be enforced, as the action went off of the docket prematurely, which is a potent fact against the claim of J. B. Lisle that he was the real purchaser. If the trust could be enforced after the deed is executed, it can be done before on the same state of facts.

The last page of the opinion is withdrawn and the opinion as now corrected is adhered to. The judgment is *affirmed* and the petition for rehearing overruled.

*Wm. Lindsay, for appellants.*
*W. M. Beckner, Chas. Eginton, for appellees.*